O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | NO. CV 14-7692-R (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION WITH PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| E. VALENZUELA - WARDEN, | |
| Respondent. | |

On May 2, 2014, in Case No. CV 14-3415-R (MAN), Petitioner, a California prisoner, filed a pleading that was construed as a 28 U.S.C. § 2254 habeas petition ("Prior Petition"). The Prior Petition challenged the failures of the California Department of Corrections and Rehabilitation (CDCR) and the state courts to grant Petitioner's various petitions and requests for a recall of his sentence and commitment and for resentencing pursuant to California Penal Code § 1170(d).[1]

---

[1] In pertinent part, California Penal Code § 1170(d) ("Section 1170(d)") provides that "the [trial] court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." A related regulation -- Cal. Code Regs. tit. 15, § 3076 -- provides that the Secretary of the CDCR or his designee may at any time recommend to the sentencing court that the inmate's commitment be recalled based upon various reasons, such as compassionate release issues, new evidence relevant to the sentence imposed, and exceptional inmate behavior demonstrating rehabilitation.

Before filing the Prior Petition, Petitioner had filed several other Section 2254 habeas petitions in this district. The first -- Case No. CV 01-2498-R (MAN) -- challenged his current state court conviction sustained in 1998. In May 2001, that action was dismissed, without prejudice, for lack of exhaustion. Petitioner's second Section 2254 action was filed in December 2002 -- Case No. CV 02-9314-R (MAN) -- and again challenged Petitioner's 1998 state court conviction. That petition was denied on its merits and dismissed, with prejudice, in May 2004. In November 2004, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability. Petitioner thereafter filed two more Section 2254 habeas petitions challenging his 1998 state court conviction -- Case Nos. CV 04-5043-VAP (MAN) and CV 06-3190-R (MAN) -- and both cases were dismissed without prejudice, pursuant to 28 U.S.C. § 2244(b), on the ground that they were unauthorized second or successive petitions under 28 U.S.C. § 2244(b).

On June 11, 2014, the Prior Petition action was dismissed without prejudice. The Court concluded that the Prior Petition was not second or successive, because it did not challenge Petitioner's 1998 state court conviction. However, the Court found that the Prior Petition was unexhausted and failed to raise a cognizable claim. The Court denied a certificate of appealability and Judgment was entered. Petitioner filed a timely notice of appeal, and his appeal of the dismissal of the Prior Petition is pending in the United States Court of Appeal for the Ninth Circuit (Case No. 14-56136).

On October 3, 2014, Petitioner filed another Section 2254 habeas petition ("Petition"). The instant Petition raises claims (discussed below) that effectively are the same as those raised in the Prior Petition, *i.e.,* which challenge the failures of the CDCR and the state courts to afford Petitioner a recall of his sentence and commitment and for resentencing pursuant to Section 1170(d). As Petitioner did in the Prior Petition, he contends that he meets the Section 1170(d) standards for recall of a sentence/commitment and resentencing, and the CDCR and the state courts misapplied Section 1170(d) when they did not grant his requests.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears from the face of the Petition that Petitioner's claims are not cognizable, and thus, Rule 4 summary dismissal is required here.

## DISCUSSION

While the Prior Petition plainly was unexhausted, it appears that the instant Petition may be exhausted. Although the Court concluded that the Prior Petition was not second or successive, the instant Petition plainly is successive, as it raises claims that are identical to those raised in the dismissed Prior Petition and Petitioner's appeal of the dismissal of the Prior Petition is pending. The Court, however, declines to dismiss the instant Petition without prejudice on the ground that it is second or successive, because there is another reason why this action cannot proceed. Specifically, as Petitioner has been advised before (in connection with the dismissal of the Prior Petition), his claims are not cognizable in a federal habeas proceeding.

As noted above, Petitioner contends that the CDCR and state courts misapplied Section 1170(d) when they denied his various requests, because he qualifies for Section 1170(d) relief. He argues that he meets the Section 1170(d) criteria for the recall of his commitment, because he was not sentenced to death, he does not have a history of gang participation, his case was not a high profile case, he does not pose an unusual threat to others or the public, and he does not have a prison history of violence, assault, arson, drugs, or predatory sexual behavior. (Petition Ground One.) Petitioner further argues that the CDCR and the state courts misapplied Section 1170(d) and erroneously interpreted the statute, and thus, they thereby deprived him of a liberty interest in violation of due process. (Petition Ground Two.) Finally, Petitioner contends that, in denying him Section 1170(d) relief, the CDCR and the state courts utilized criteria and factors that are not set forth in Section 1170(d) and, further, failed to make explicit findings that "some

evidence" exists of his current dangerousness.  (Petition Ground Three.)

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (internal citations omitted).  It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241, 2254; *see also* Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (*per curiam*); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review.  *See* Lewis v. Jeffers, 110 S. Ct. 3092, 3102 (1990); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question").  To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation.  Richmond v. Lewis, 113 S. Ct. 528, 536 (1992).

Petitioner's claim rests on the premise that the CDCR and the state courts applied Section 1170(d) in an incorrect manner by failing to recall Petitioner's commitment and resentence him.

That premise, even if it were correct, necessarily fails here, because it does not implicate any federal constitutional concern rectifiable through a grant of federal habeas relief. *See* Ransom v. Adams, 313 Fed. Appx. 948, 949, 2009 WL 498980, at *1 (9th Cir. Feb.26, 2009) (affirming the summary dismissal of a claim that the petitioner was entitled to compassionate release under subsection (d) of Section 3076, because the contention that state officials failed to follow state law in declining to order such a release "is not cognizable"); *see also* Ari v. Lattimore, Case No. 10-cv-00672, 2011 WL 1792184, at *2-*3 (E.D. Cal. May 10, 2011) (opining that "[w]hile California state law allows for the Board to recall sentences in certain instances, it does not necessarily follow that such determinations implicate the denial of a federal right," and finding that where, as in this case, the petitioner did not claim a violation of his procedural due process rights under Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1 (1979), her claim of a due process violation based upon California's determination not to recall her sentence was not cognizable and was subject to summary dismissal pursuant to Rule 4). Petitioner's assertion that this Court should determine that the denials of his requests for Section 1170(d) sentencing relief rest upon noncompliance with *California* law does not state a cognizable basis for federal habeas relief. *See, e.g.*, Arroyo v. Biter, Case No. SACV 14-1284, 2014 WL 4656473, at *2 (C.D. Cal. Aug. 22, 2014) (summarily dismissing petition under Rule 4 that challenged the failure to recall the petitioner's sentence and resentence him under California Penal Code § 1170.126 on the ground that the claim was not a cognizable federal habeas claim); Nelson v. Biter, Case No. CV 13-7893, 2014 WL 2812311, at *3-*4 (C.D. Cal. June 17, 2014) (same, finding no cognizable due process claim stated).

Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170(d) into a claim of a violation of his federal constitutional rights, by couching the denial of his Section 1170(d) request as a due process deprivation of a liberty interest, is unavailing. Draping this question of state law in the verbiage of due process or equal protection does not render the claim cognizable in this federal court. Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also* Little

v. Crawford, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted); Cooper v. Supreme Court of California, Case No. CV 14-134, 2014 WL 198707, at *2 (C.D. Cal. Jan. 16, 2014) (dismissing for failure to state a claim a habeas petition that challenged the state court's decision upholding the denial of a petition for recall of the petitioner's sentence pursuant to California Penal Code § 1170.126, and concluding that: "This court is bound by the state court's conclusion that Petitioner is ineligible for resentencing under the new law, and Petitioner's cursory invocation of the due process clause does not transform what is clearly a state law claim into a federal one").

Moreover, it is well-established under California law that the Section 1170(d) procedure is "permissive, not mandatory." People v. Delson, 161 Cal. App. 3d 56, 62 (1984); *see also, e.g.,* Dix v. Superior Court, 53 Cal. 3d 442, 461 (1991); People v. Portillo, 10 Cal. App. 4th 1829, 1833 (1992). The California courts consistently have held that Section 1170(d) does not confer any right on a defendant to seek the recall of his commitment, and thus, a defendant lacks standing to seek relief under the statute, whether directly or on appeal, should his request for a recall of his commitment be denied. *See, e.g.,* People v. Pritchett, 20 Cal. App. 4th 190, 193-94 (1993) (observing that the reason why a defendant many not appeal from the denial of his request for a recall of a commitment is that, "because the defendant has no right to request such an order in the first instance," "his 'substantial rights' cannot be affected by an order denying that which he had no right to request"); *see also* People v. Gainer, 133 Cal. App. 3d 636, 641 (1982); People v. Druschel, 132 Cal. App. 3d 667, 669 (1982). Similarly, the Section 3076 recall of commitment regulation "provides no private cause of action for a prisoner who has not actually been recommended for recall of his commitment." Williamson v. Yates, 2011 WL 3290171, at *3 (E.D. Cal., July 28, 2011) (No. 1:11-cv-00155); *see also* Larson v. Runnels, 2007 WL 4557103, at *3 (E.D. Cal. Dec. 21, 2007) (No. CIV S-07-0806) (same), *adopted by* 2008 WL 313963 (Feb. 4,

2008). This federal habeas court is bound by the state courts' interpretation of Section 1170(d) and Section 3076. *See* Bradshaw v. Richey, 548 U.S. 74, 76 (2005) (*per curiam*). As a result, Petitioner's argument -- that he is deprived of a liberty interest unless he is granted a recall of his sentence and commitment -- is directly contrary to the binding California precedent.

To create a liberty interest enforceable under the Due Process Clause, a state statute or regulation must place substantive limitations on official discretion. Kentucky Dep't of Corrections v. Thompson, 109 S. Ct. 1904, 1909 (1989). To give rise to a liberty interest, a regulation must contain "'explicitly mandatory language,' *i.e.,* specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest." *Id.* at 1910 (citation omitted). Given the permissive nature of California's recall of commitment procedure and the wealth of California decisions holding that California prisoners have no state law right to seek enforcement of that procedure, there is no basis for finding that Section 1170(d) gives rise to a liberty interest enforceable as a matter of federal due process. *See* Gonzales v. Marshall, Case No. CV 08-5102, 2008 WL 5115882, at *5 (C.D. Cal. Dec. 4, 2008) ("section 1170(d) does not confer any liberty interest protected by the Due Process Clause"); *see also* Valles v. Busby, Case No. CV 14-1360, 2013 WL 1614615, at *2 (C.D. Cal. April 22, 2014) (like Section 1170(d), Section 1170(e) "confers no liberty interest," because its application is permissive not mandatory, and a claim challenging the failure to recall a commitment under the statute must be denied and dismissed). Hence, Petitioner's claim based on the failure of the CDCR and the California courts to invoke the recall of commitment procedure does not implicate federal due process.

The Petition does not state any tenable basis for federal habeas relief, nor could it do so even if amended. It is plain from the face of the Petition that summary dismissal of the Petition is required. Accordingly, IT IS ORDERED that: the Petition is dismissed with prejudice; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: October 7, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE